442 P.2d 924

**Mabel A. BENCH, Plaintiff and Appellant,**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, a corporation, Defendant and Respondent.**

**No. 11105.**

Supreme Court of Utah.

July 3, 1968.

---

Gayle Dean Hunt, Salt Lake City, for appellant.

Wallace D. Hurd, Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiff commenced this action seeking to recover upon certain policies of life, disability and hospital insurance. The District Court granted the defendant's motion to dismiss pursuant to Rule 12, U.R.C.P., and from an order of dismissal with prejudice the plaintiff appeals to this court.

Prior to April 26, 1963, Leland E. Bench had been employed by Ajax Press Company. The Ajax Press Company had entered into an arrangement for group insurance for its employees with the defendant. Leland E. Bench as an employee of Ajax was covered by two group life insurance policies as well as policies insuring against disability and health and hospital insurance. Under the terms of the life insurance policies plaintiff was made beneficiary. The life insurance policies contained a provision which provided that the insurance would remain in force for a period of 31 days following the employee's termination of employment.

Leland E. Bench had been discharged from his employment on April 26, 1963, following several days during which Bench had remained home under a claim that he was disabled and unable to work. The evidence before the trial court would indicate that Bench prior to April 26, 1963, had suffered from thrombophlebitis and that on or about April 22, 1963, he had suffered an injury to his leg while on the job which resulted in complications necessitating his remaining at home. After termination of his employment on April 26, 1963, Bench was unable to work and died on July 1, 1963. There is no dispute in the record that the insured died more than 31 days following termination of his employment, and no claim is made by the plaintiff that the insured during 31 days following his termination applied to the defendant for retention of the coverage of the policies.

We are of the opinion that the trial court was correct in its order of dismissal except as to the second count of the plaintiff's complaint which involved Policy No. 0486A. That policy contains what is denoted an extended death benefit clause which provides as follows:

If due proof of the death of an employee shall be submitted in writing to the Society within one (1) year after the death of such employee whose insurance hereunder shall have terminated due to termination of employment in accordance with the provisions hereof entitled "Individual Terminations," the Society will pay to the person or persons entitled thereto under the provisions of this policy the amount of the insurance for which such employee's life was last insured under this policy, provided due proof shall be furnished to the Society that * * * At the date of such termination of employment, such employee was totally disabled by bodily injury or disease so as to be prevented from engaging in any occupation for compensation or profit and that such total disability continued from such termination of employment to such death. * * *

In view of this provision it would seem that there was an issue of fact before the court as to whether or not the insured was totally disabled at the time his employment was terminated.[1] If the insured was in fact totally disabled and the other provisions of the policy respecting notice to the defendant were made pursuant to the provisions of the policy, or that the facts would indicate a waiver, it would seem that the defendant would be liable under the terms of its contract.

1. Bucher v. Equitable Life Assur. Soc. of United States, 91 Utah 179, 185, 63 P.2d 604; Appleman, Insurance Law and Practice, Vol. 1, p. 187; Gibson v. Equitable Life Assur. Soc. of United States, 84 Utah 452, 36 P.2d 105.

This matter is remanded to the District Court for further proceedings not inconsistent with this opinion. Plaintiff is entitled to costs.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.